UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CAROL DEE COX and <br> SAMMIE ROGERS COX, <br><br> Plaintiffs, <br><br> v. <br><br> CARRIER SALES & DISTRIBUTION, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> )   No.:   3:04-CV-527 <br> )          (VARLAN/GUYTON) <br> ) <br> ) <br> ) |

## **MEMORANDUM OPINION**

This employment discrimination case is before the Court on the plaintiffs' objections to the Magistrate's Report and Recommendation [Doc. 26]. Pursuant to 28 U.S.C. § 636(b)(1)(B), the defendant's Motion for Summary Judgment [Doc. 11] was referred to Magistrate Judge H. Bruce Guyton for a report and recommendation [Doc. 24]. On July 20, 2006, Judge Guyton issued a thorough and comprehensive Report and Recommendation (R&R) [Doc. 25] in which he recommended that the defendant's motion for summary judgment be granted in its entirety. The defendant has responded [Doc. 27] to the plaintiffs' objections and they are ripe for determination.

I.

As outlined in the R&R, plaintiff Carol Cox asserts claims for age discrimination and retaliation under the Age Discrimination in Employment Act ("ADEA") and the Tennessee Human Rights Act ("THRA"), disability discrimination under the Americans with Disabilities Act ("ADA") and the Tennessee Handicap Act, the Equal Pay Act, hostile work environment harassment under Title VII and the THRA, and intentional infliction of emotional distress. Plaintiff's husband, Sammie Cox, asserts a claim for loss of consortium. Judge Guyton recommended that all of the

plaintiffs' claims be dismissed, including the Equal Pay Act claim which was withdrawn by plaintiff [Doc. 19]. Plaintiffs' objections relate only to the age discrimination, retaliation, and loss of consortium claims. The Court has carefully reviewed Judge Guyton's conclusions and recommendations *de novo* in light of plaintiffs' objections. 28 U.S.C. § 636(b)(1)(B).

II.

Regarding her age discrimination claim, plaintiff asserts that Judge Guyton erred in two respects. First, plaintiff argues that Judge Guyton erroneously concluded the plaintiff was replaced by Donna Coulter rather than Bridgett Johnson. Plaintiff points to her contention that Ms. Johnson was hired in May 2003 as a receptionist, rather than an administrative assistant. She asserts that Ms. Johnson, rather than plaintiff, was sent to training on HVAC Partners, a website program for Carrier dealers and an important component of the administrative assistant job. Thus, she suggests that there is a genuine issue of material fact in dispute as to whether or not Ms. Johnson was hired to assume plaintiff's duties and therefore was her replacement.

As outlined in the R&R, one of the elements of a prima facie case of age discrimination that the plaintiff must show is that she was replaced by a younger person. *Rowan v. Lockheed Martin Energy Sys., Inc.*, 360 F.3d 544, 547 (6th Cir. 2004). However, as defendant argues and as Judge Guyton concluded, plaintiff's argument fails to acknowledge what it means for an employee to be "replaced." "A 'person is not replaced when another employee is assigned to perform the plaintiff's duties in addition to other duties, or when the work is redistributed among other existing employees already performing related work. A person is replaced only when another employee is hired or reassigned to perform the plaintiff's duties.'" *Grosjean v. First Energy Corp.*, 349 F.3d 332, 336 (6th Cir. 2003), *cert. denied*, 541 U.S. 1010 (2004) (quoting *Barnes v. GenCorp, Inc.*, 896 F.2d 1457,

2

1465 (6th Cir. 1990)). Even assuming that plaintiff is correct that Ms. Johnson was hired as a receptionist in May 2003, she was performing duties similar to those of plaintiff prior to plaintiff's termination. Further, Ms. Johnson testified that her duties did not change after plaintiff's termination. Instead, most of plaintiff's duties were transferred to the Chattanooga position that was filled by Ms. Coulter. Thus, plaintiff has presented no evidence beyond her allegation that she was replaced by Ms. Johnson. Indeed, the evidence is to the contrary. The Court agrees with Judge Guyton's conclusion that plaintiff cannot show that she was replaced by a younger employee and she cannot prove a prima facie case of age discrimination.

Moreover, even if plaintiff could establish a prima facie case, she cannot show that the defendant's legitimate, non-discriminatory reasons for her discharge were pretextual. Plaintiff contends that even if she was replaced by Donna Coulter, there is a question of fact as to the real reason plaintiff was fired. Although not clearly articulated, plaintiff appears to base this argument on her contention that there was an administrative assistant position in Chattanooga prior to her termination and thus the position was not created and filled by Ms. Coulter. Plaintiff relies on her affidavit [Doc. 19-2] for evidentiary support. The reliability of her affidavit, however, is the focus of her second objection to this aspect of the R&R.

Plaintiff contends that Judge Guyton's second error on her age discrimination claim is the conclusion that her affidavit contradicted her prior deposition testimony and therefore he discounted her affidavit. Plaintiff cites to her deposition testimony that there was no one in the administrative assistant position in Chattanooga when she was terminated. [Doc. 22-2 at pp. 254.] However, she also testified that there was a temporary administrative assistant in the Chattanooga office in 2003. [*Id*. at p. 255.] Thus, plaintiff argues that her affidavit merely clarified that the administrative

3

assistant position was in existence but not filled at the time of her termination. In her affidavit, plaintiff testified that "[f]or as long as I had worked for Andrews and Carrier, there was [sic] full time Administrative Assistant position in Chattanooga." [Doc. 19-2 at ¶ 40.]

The Court has carefully reviewed the plaintiff's deposition testimony and her affidavit. Plaintiff's affidavit is contradictory to, and not a clarification of, her deposition testimony. It is well settled that a party cannot create a genuine issue of material fact in order to defeat a motion for summary judgment by filing an affidavit that contradicts earlier deposition testimony. *Penny v. United Parcel Serv.*, 128 F.3d 408, 415 (6th Cir. 1997). Accordingly, the Court agrees that plaintiff's affidavit cannot be considered and she therefore cannot show that the reasons for her termination were pretextual. The plaintiff's objections on this claim will be overruled, and her age discrimination claims will be dismissed.

### III.

As to her retaliation claim, plaintiff argues that Judge Guyton erroneously concluded that she could not show a causal connection between her firing and the ombudsman letter, an essential element of her claim. However, plaintiff does not further explain how Judge Guyton erred or what evidence has been presented of a causal connection. As noted by the R&R, "[a] causal link may be shown through knowledge combined with closeness in time." *Weigel v. Baptist Hosp. of East Tenn.*, 302 F.3d 367, 381 (6th Cir. 2002) (quoting *Johnson v. University of Cincinnati*, 215 F.3d 561, 582 (6th Cir. 2000). Further, the employer's knowledge of the plaintiff's protected conduct is also an essential element of a prima facie case of retaliation. *Id.* While the decision to terminate plaintiff came approximately six weeks after the anonymous letter was sent, there is no evidence in the record that anyone knew plaintiff was the author of the letter. Thus, if the employer was unaware of her

4

protected activity, plaintiff cannot show a causal connection between her protected activity and the adverse employment action. Temporal proximity alone is insufficient to support a finding of a causal connection. *Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 737 (6th Cir. 2006). The Court concludes that plaintiff cannot show two elements of a prima facie case of retaliation.

Plaintiff also argues that pretext may be inferred once she has disproved the employer's reasons for the adverse employment action. She maintains that the reason given for her termination, the installation of a new phone system, was pretextual and that the credibility of Glen Loper is questionable. Plaintiff argues that the phone system was not installed at the time of her termination contrary to Mr. Loper's testimony. Assuming that plaintiff could establish a prima facie case of retaliation and accepting this testimony as true, it is undisputed that Carrier was in the process of updating its phone system and that plaintiff had been involved in obtaining information for the purchase and installation of a new phone system. Plaintiff also does not dispute that the upgraded phone system eliminated the need for two administrative assistant positions in Knoxville. Thus, there is no basis to conclude that this reason for plaintiff's termination was pretextual.

Plaintiff next points to Mr. Loper's testimony that an administrative assistant position was created in Chattanooga and that eliminated the need for her position. She points to her affidavit testimony that the position previously existed. However, as discussed *supra*, the plaintiff's affidavit is contradictory to her deposition testimony and cannot be used to create a disputed issue of fact.

Finally, plaintiff summarily argues that Mr. Loper testified that he alone evaluated plaintiff during her performance review, while Scott Henry and Christa Carsello testified that they had some input into the evaluation. However, Carrier has not presented this as a reason for plaintiff's termination. Thus, even if the Court were to agree that Mr. Loper's testimony should be disbelieved

5

on this point, it does not raise a genuine issue of material fact as to the reasons proffered for plaintiff's termination. The Court agrees with Judge Guyton's conclusions as to plaintiff's retaliation claim, and these objections will be overruled.

IV.

Finally, plaintiff argues that her husband's loss of consortium claim should not be dismissed because some of her claims should survive summary judgment. However, because the Court agrees with Judge Guyton's determination, as set forth above, that plaintiff's claims should be dismissed, Sammie Cox's derivative loss of consortium claim must be dismissed as well.

V.

For the reasons set forth above, the plaintiffs' objections [Doc. 26] to Judge Guyton's R&R are hereby **OVERRULED**. The Court accepts the Report and Recommendation in whole and the defendant's motion for summary judgment [Doc. 11] is **GRANTED**. The plaintiffs' claims are **DISMISSED with prejudice**. The Clerk is directed to enter judgment accordingly.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE